UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| N.V.E. INC., | Civil Action No. 09-3412 (PGS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **April 1, 2010** |
| COSMETIC INDUSTRY & TRADE CORPORATION, et al., | |
| Defendants. | |

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

**I. INTRODUCTION**

Plaintiff N.V.E., Inc. ("NVE") has brought the underlying lawsuit against Defendant Cosmetic Industry & Trade Corporation ("Citco") and its president, Defendant Louay Ibrahim ("Ibrahim") for an alleged violation of the Lanham Act, trademark infringement and unfair competition. In response, Defendant Ibrahim filed the instant Motion to Dismiss the complaint against him for lack of personal jurisdiction. Defendants Citco and Ibrahim have also both filed the instant motion to have the case transferred to the Central District of California on the ground of *forum non conveniens*. The Court has reviewed the parties' submissions and decided the motions

without oral argument pursuant to Federal Rule of Civil Procedure 78. For the foregoing reasons, it is RECOMMENDED that Defendant Ibrahim's Motion to Dismiss for Lack of Personal Jurisdiction be GRANTED and Defendants Ibrahim and Citco's Motion to Transfer be DENIED.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

NVE is a corporation organized and existing under the laws of the State of New Jersey, with an office and place of business in Andover, New Jersey. (Complaint ¶ 4.) NVE has used the trademark 6 HOUR POWER since at least May 2006 for its line of energy supplement products. (Id. at ¶ 8.) NVE has applied for registration of its 6 HOUR POWER TRADEMARK on the Principal Register of the United States Patent and Trademark Office under U.S. Trademark Serial No. 77/089,643. (Id. at ¶ 9.) This application has been published for opposition on February 19, 2008 but is not yet registered. (*See Id.*) Plaintiff also claims to be the owner of the trade dress associated with 6 HOUR POWER. (Id. at ¶ 10.)

Defendant Citco is a California corporation with its principal place of business located in Riverside, California. (Ibrahim Decl. ¶ 3.) Citco is engaged in the business of marketing and distributing cosmetic and other products. (Id. at ¶ 3.) Defendant Ibrahim is the president of Citco, as well as a minority shareholder of Citco. (Id. ¶¶ 1, 9.) On or about July 13, 2009, NVE filed a four-count complaint against Citco and Ibrahim. (Docket Entry No. 1.) Count I alleges a violation of Section 43(a) of the Trademark Act for false designation of origin, false description, false advertising and dilution. (Complaint at ¶¶ 26-29.) Count II alleges a cause of action for common law and unfair competition. (Id. at ¶¶ 30-33.) Count III alleges trademark dilution and injury to business reputation under the laws of the state of New Jersey. (Id. at ¶¶ 34-36.) Count IV alleges unfair competition under N.J.S.A 56:4-1. (Id. at ¶¶ 37-39.) In support of these claims, Plaintiff alleges that Defendants

manufactured and marketed an energy shot supplement product confusingly similar to NVE's 6 HOUR POWER energy shot, which the Defendants have offered for sale through their interactive website located at www.citcousa.com, and through some of the 20,000 convenience stores and service stations the Defendants claim as customers. (Guarino Decl. ¶ 6.)

In his Motion to Dismiss, Defendant Ibrahim argues that he is a citizen and resident of California; does not live or work in New Jersey; has no bank accounts in New Jersey; and has never even visited New Jersey. (Defs' Br. 6.) In addition, Defendant Ibrahim has not personally sold, marketed or distributed the allegedly infringing product in New Jersey. (*Id.* at 6-7.) In Citco and Ibrahim's Motion to Transfer, they argue that Defendants are residents of California; the allegedly infringing product was shipped and warehoused in California; and all of Defendants' material witnesses and records are in California. (*Id.* at 10.) In Opposition, Plaintiff argues that the Court has specific jurisdiction over Defendant Ibrahim because the Court has jurisdiction over Citco and as a corporate officer of Citco, Defendant Ibrahim can be held liable for the action of the corporation. (Pl.'s Opp.'n at 7-8.) Further, Plaintiff argues that Defendants have not met their burden under 28 U.S.C. §1404 regarding their request to transfer the case to California. (*Id.* at 8-9.) Rather, Defendants have only alleged that the forum of California would be more convenient for Defendants and therefore the case should be transferred. (*Id.* at 9.)

### III. ANALYSIS

#### A. Personal Jurisdiction

#### 1. Legal Standard

When a defendant attacks the court's jurisdiction, the plaintiff shoulders the burden of demonstrating that jurisdiction is proper. *Mellon Bank (East) PSFS Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "The plaintiff meets this burden and presents a *prima facie* case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* (citation and internal quotation marks omitted). Plaintiffs must sustain their burden by establishing facts through sworn affidavits or other evidence; reliance on the bare pleadings is not enough. *Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990). If the plaintiffs meet their burden, the burden then shifts to the defendant who must make a compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at 1226.

Under Federal Rule of Civil Procedure 4(k), personal jurisdiction over non-resident defendants may only be exercised to the extent that is authorized by the laws of the state in which the federal court sits. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long arm statute permits jurisdiction on a non-resident defendant to the extent that is permitted by the Constitution. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether sufficient

minimum contacts exist, the court looks at "the relationship among the defendant, the forum, and the litigation." *Pinker v. Rosche Hold.*, 292 F.3d 361, 368 (3d Cir. 2002).

Personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 8 & 9 (1984). In *O'Connor*, the Third Circuit set forth the following framework to determine if specific jurisdiction is present: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. 496 F.3d at 317 (internal citations and quotation omitted). To establish specific jurisdiction, plaintiffs need not show that the defendant(s) be physically located in the state while committing the alleged act(s). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is jurisdiction defeated merely because the bulk of harm occurred outside the forum. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). Instead, a single act may satisfy minimum contacts if it creates a substantial connection with the forum. *Burger King Corp.*, 471 U.S. at 476 n.18.

On the other hand, a court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 415, n. 9. The plaintiff must show more than mere minimum contacts with the forum state. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be extensive and persuasive. *See Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982).

Regardless of whether a court exercises specific or general jurisdiction, it must be established that the defendant "has purposefully directed its activities toward the residents of the forum state, ...

or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *IMO Idus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Plaintiff appears to argue that this Court may exercise specific personal jurisdiction over Defendant Ibrahim.[1]

### 2. Court's Analysis

Plaintiff has not met its burden to establish specific personal jurisdiction over Defendant Ibrahim. Plaintiff only specifically refers to Defendant Ibrahim once in the Complaint, at Paragraph 6, where it states that "[o]n information and belief, Defendant Ibrahim Louay ("Louay") [*sic*] is an individual located at 16233 Heritage Grove Road, Riverside CA 92504-5222. Defendant Louay is the principal of Defendant Citco, and is responsible for all actions undertaken by same." (Complaint ¶ 6.) The remainder of the Complaint does not refer to any actions specifically taken by Defendant Ibrahim. Rather, the allegations refer only generally to the Citco corporation. The certification submitted by Plaintiff in support of its Opposition also does not contain any specific allegations related to Ibrahim, other than to identify him as the registered agent for Citco. (Exhibit A to Guarino Certification.)

Plaintiff argues that simply by virtue of his position as President and Registered Agent of Citco, a small corporation with less than ten employees, Defendant Ibrahim is properly included in this complaint. Plaintiff asks this Court to find that since it has personal jurisdiction over Defendant Citco, it therefore has personal jurisdiction over Ibrahim. As support for its position, Plaintiff cites to four cases, three of which are from outside this Circuit. Most of the cases cited by Plaintiff do not

---

[1] Plaintiff identifies the standard for general jurisdiction but does not reference it again. Therefore, the Court will assume for purposes of the instant motion that Plaintiff intends for the Court to exercise specific jurisdiction over Defendant Ibrahim.

address the concept of personal jurisdiction as related to an officer of a small corporation, but rather a corporate officer's liability for actions taken by the corporation, including the only case cited from the Third Circuit. *See Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606-607 (3d Cir. 1978). (corporate president who authorized and approved the corporation's act of unfair competition held liable under Section 43(a) of the Lanham Act).

As correctly stated by Defendant, a person is not automatically subject to personal jurisdiction simply because they are a corporate officer. *Bernisky v. Baylor Trucking Inc.*, No. 06-6246, 2007 WL 1963525 at*3 (D.N.J. June 29, 2007) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984)); *see also Maselli v. Total Luxury Group, Inc.*, No. 08-1845, 2008 WL 4126556 at *8 (D.N.J. August 29, 2008). "Personal jurisdiction does not exist over a corporate officer simply because the corporate entity itself may be amenable to personal jurisdiction in the forum state…Rather, each defendant's contacts with the forum state must be evaluated individually. Actions taken within the forum state by a corporate official in his official capacity may be considered for purposes of establishing jurisdiction over him in his individual capacity. However, actions taken in the forum by the corporate entity should not be imputed to an individual defendant for purposes of personal jurisdiction unless the plaintiff establishes that the individual defendant himself took the specific action." [internal citations omitted.] *Norben Import Corp. v. Metropolitan Plant & Flower Corp.*, No. 05-54, 2005 WL 1677479 at *6 (D.N.J. July 15, 2005). "Jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him…Each defendant's contacts with the forum State must be assessed individually [internal citations omitted]. *Educ. Testing Serv. v. Katzman*, 631 F.Supp. 550, 559 (D.N.J. 1986) (citing *Keeton*, 465 U.S. at 781, n.13).

In this case, Plaintiff has not alleged, through the pleadings or affidavits or otherwise, that Defendant Ibrahim himself committed any act whatsoever in New Jersey. All of the allegations of wrongdoing are generally against "Defendants." It is impossible to tell from the pleadings and certification what acts Plaintiff is alleging that Defendant Ibrahim committed which were specifically aimed at New Jersey. Plaintiff argues that simply because Defendant Ibrahim is president and registered agent of a small corporation, he therefore must be involved with all actions taken by said corporation. However Plaintiff presents no evidence to support this theory. In contrast, Defendant Ibrahim's certification states that he has "never visited New Jersey [and]…with respect to the alleged infringing product, Citco has only shipped at [*sic*] total of $1224 of the product into the state of New Jersey, of which all of the sales were generated, not by [Defendant Ibrahim], but rather by an independent sales representative located in North Carolina." (Ibrahim Cert. ¶¶ 5, 10.) Plaintiff does not attempt to refute these statements but rather appears to rely entirely on the argument that because Defendant Ibrahim is President and Registered Agent of Citco, he is therefore subject to personal jurisdiction in any forum where Citco is subject to said jurisdiction. However, as evidenced above, that is not the case. Therefore, because Plaintiff has failed to meet its burden of establishing personal jurisdiction over Defendant Ibrahim, it is therefore RECOMMENDED that Defendant Ibrahim's Motion to Dismiss for Lack of Personal Jurisdiction be GRANTED.

**B.  Transfer**

**1. Legal Standard**

28 U.S.C. § 1404(a) allows a district court to transfer an action to any other district where the matter might have been brought "for the convenience of parties and witnesses, [and] in the interest of justice." The decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is an exercise of the Court's

discretion. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The burden of establishing that a transfer is proper lies with the movant. *Id.* at 879. Further, Plaintiff's choice of venue should not be disturbed lightly; therefore, the movant must show "that its alternative forum is not only adequate, but more convenient than the present forum." *Hudson United Bank v. Chase Manhattan Bank of Conn., NA,* 832 F.Supp. 881, 888 (D.N.J. 1993) *(*citing *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-44 (3d Cir. 1988)).

The statute itself identifies three factors for a court to consider when deciding a motion to transfer: (1) "the convenience of the parties;" (2) "the convenience of the witnesses;" and (3) "the interests of justice." *Id.* at 887-88 (citing *Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 306 (D.N.J. 1989)). In addition to the statutory factors, courts consider a variety of private and public interests when deciding whether a transfer is appropriate in a given case. *Jumara*, 55 F.3d at 879. The private interests include: (1) the plaintiff's preferred forum as expressed by the original forum choice; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience and availability of witnesses; and (6) the location of books and records. *Id.* The public interests include: (1) enforceability of the Court's judgment; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive:"; (3) the level of congestion in the respective forums; (4) "the local interest in deciding local controversies at home," (5) "the public policies of the forum"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80.

**2. Court's Analysis**

At the outset, the Court finds that the present case could have been brought in California. Defendants argue that Defendant Ibrahim's residence, as well as Citco's principal place of business

is Riverside, California. (Defs.' Br. 8.) Further, Defendants argue that the allegedly infringing product was shipped from Defendant Citco's principal place of business. (*Id.*) Plaintiff does not provide any opposition to these assertions, but rather simply state that "even if this Court were to decide, in the absence of any evidence, that a California court would properly have jurisdiction over all of the parties, Defendants' motion must still fail." (Pl.'s Br. 8.) Therefore, the Court finds, for purposes of the 28 U.S.C. § 1404(a) analysis that the present case could have been brought in the Central District of California.

### A. The Private Interests

Defendants argue that the operative facts in this case, specifically, the shipping and warehousing of the product, took place in California and therefore the proper venue for this action is in California. Further, according to Defendants, all of the records regarding the allegedly infringing product are kept in California and that is where the custodian of records is also located. In addition, Defendants argue that California is more convenient for Defendants' material witnesses and Plaintiff, being a much larger company, and can more easily handle an out-of-state litigation.

Plaintiff argues that Defendants do nothing more than allege that because California is more convenient for them, the case should be transferred to California. Specifically, Plaintiff argues that though Defendants witnesses and records may be in California, Plaintiff's witnesses and records are located in New Jersey. Further, Plaintiff was alleged injured by Defendants' actions in the State of New Jersey.

The Court finds that the balance of the private interests weighs against transfer to California. Defendants, who bear the burden of establishing that transfer is proper, have done little more than argue that California would simply be more convenient for Defendants and their witnesses, which is

not a sufficient ground upon which to order transfer. *See Market Transition Facility of New Jersey v. Twena,* 941 F.Supp. 462, 467 (D.N.J. 1996) (citing *Ballard Medical Products v. Concord Laboratories, Inc.,* 700 F.Supp. 796, 801 (D.Del. 1988)) ("A court will not grant a transfer simply because the transferee court is more convenient for the defendants.... If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed.").

### B. The Public Interests

Defendants argue that "since all of the allegedly [*sic*] conduct originated in California, the product is warehoused in California and all of defendants' material witnesses are in California…practical considerations would make the trial easy, expeditious, and relatively in expensive in California." (Defs.' Br. 11.) Defendants further argue that since Defendants reside in California, a judgment entered by a California court would be easier to enforce than a judgment from a New Jersey court. (*Id.*)

Plaintiff argues that "Defendants make no showing that this Court would be unable to timely adjudicate this matter or that the California court could more efficiently manage this litigation." (Pl.'s Br. 9-10.) Plaintiff further argues that "NVE has brought claims against Defendants based on New Jersey state law. Obviously, this Court would have greater familiarity with New Jersey law than a California court." (*Id.*)

The Court finds that the balance of public interests weighs against transfer to California. As with the private factors, Defendants have done little more than argue that California would simply be more convenient for Defendants and their witnesses, which is not a sufficient ground upon which to order transfer. Though California would make the trial easier, more expeditious and inexpensive for Defendants, it would make the trial harder, less expeditious and more expensive for Plaintiff. New

˘11˘

Jersey would have an interest in adjudicating this matter, as Plaintiff suffered its alleged injury here. Finally, Plaintiff's complaint raises violations of New Jersey state law, which of course, New Jersey would be better equipped to adjudicate.

Therefore, because the balance of the factors weighs against transfer, it is hereby RECOMMENDED that Defendants Motion to Transfer be DENIED.

**IV. Conclusion**

For the foregoing reasons, it is recommended that Defendant Ibrahim's Motion to Dismiss for Lack of Personal Jurisdiction be granted. It is also recommended that Defendants' Motion to Transfer Venue to the Central District of California be denied.

Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

                                  s/ Esther Salas
                                  **HON. ESTHER SALAS**
                                  **UNITED STATES MAGISTRATE**