# LAWRENCE C. HERSH
ATTORNEY AT LAW
17 Sylvan Street, Suite 102B
Rutherford, New Jersey  07070

*ADMITTED NJ, NY, CA, AND IL  
*REGISTERED U.S. PATENT AND TRADEMARK OFFICE

Tel:  (201) 507-6300
Fax: (201) 507-6311
email:  lh@hershlegal.com

November 1, 2011

**Via ECF**
Hon. Peter Sheridan, U.S.D.J.
United States District Court for New Jersey
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State St.
Trenton, NJ  08608

      Re:  N.V.E., Inc. v. Cosmetic Industry & Trade Corporation, et. al., 09-cv-03412

Dear Judge Sheridan:

      I represent defendant Cosmetic Industry & Trade Corporation dba CITCO Corp. in the above-referenced matter.   I submit this letter in opposition to Plaintiff's application in support of their request for judgment.  Defendant objects to the entry of the Order and Judgment for the following reasons.

      First, Plaintiff has failed to comply with the terms of the in court settlement as set forth on the record on May 25, 2010.  (See, Guarino Cert. Ex. A).  Prior to the requirement that the full $25,000 would be due, Plaintiffs were required to give <u>two</u> written notices to Defendant that it was in default of any payment.   (Guarino Cert. Ex. A, pp 4-5, p. 6 lines 4-8).  Plaintiff has not provided any proof nor have they even alleged that they have complied with the notice of default requirements by providing such notices.  Furthermore, Defendant has not received any written notice of default, as required, from Plaintiff.   As such, Plaintiff is not entitled to judgment being entered in the amount of $25.000, as they have requested.

      Additionally, although Defendant does not believe that judgment for $25,000 should be entered against it, nonetheless, the language in paragraph 3 of Plaintiff's proposed order "… and that the Defendant immediately pay the amount over to NVE in full satisfaction of said judgment" must be removed.   This language does not reflect the settlement terms and is inappropriate since it requires that the judgment must be satisfied.  The Order should do no more than enter judgment, and should not set the terms of **when** said judgment should be satisfied.

      Similarly objectionable is the reference of the final paragraph of the proposed Order to Paragraph 3 of the Order.   The final paragraph states, "Further Ordered that Defendant comply with this Order in all respects within 30 days of entry of this Order by the Clerk."   While the 30 day time requirement is reasonable with respect to paragraphs 4-8 of the Order, it cannot be

included as a requirement as to when such judgment should be satisfied in paragraph 3.  As such, should the court use the draft order, it would be more appropriate to delete the final paragraph, and to just include the 30 day period in each of paragraphs 4 through 8.

Second, more than a year ago, Defendant made changes to its product labeling and its website and also stopped using the 10 HOUR POWER mark as required by the terms of the original agreement and as set forth in (b), (c), and (d) of paragraph 11 of the Guarino Certification.  Additionally, Defendant has destroyed all unused product labels.  (Guarino Cert., ¶ 11(f)).  Defendant sold any remaining inventory of the product, and will provide an accounting of such inventory sales, if requested.  (Guarino Cert., ¶ 11(e)).  Additionally, Defendant has not pursued the subject trademark application which has been suspended, and will formally abandon the application if necessary.  (Guarino Cert., ¶ 11(g)).

Thus, for the foregoing reasons and plaintiff's failure to give proper notice of default, judgment should not be entered at this time as requested by Plaintiff.

Very truly yours,

/s/Lawrence C. Hersh
Lawrence C. Hersh

Cc:  Charles Guarino, Esq. (via ECF)